IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

U.S. DISTRICT COURT
SAVANNAH DIV.
2019 AUG 23 AM 11: 17

CLERK
SO. DIST. OF GA.

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *  CR 402-282 |
| | * |
| ANTONIO DECORE SAMUEL | * |

# ORDER

In the captioned criminal matter, Defendant Antonio Decore Samuel has filed a motion to reduce his sentence based upon Section 404 of the First Step Act of 2018, Publ. L. No. 115-391, 132 Stat. 5194. The Government opposes the motion. The Court resolves the matter as follows.

In July 2002, Samuel was arrested on a violation warrant in his apartment, at which time a search yielded the discovery of 143.06 grams of cocaine base ("crack cocaine") and 83.8 grams of cocaine hydrochloride. Samuel was subsequently indicted by a federal grand jury for possession with intent to distribute over 50 grams of crack cocaine and a quantity of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). In February 2003, Samuel pled guilty to a lesser-included offense, i.e., possession with intent to distribute five grams or more of crack cocaine and a quantity of cocaine hydrochloride. At the time,

this offense carried a mandatory minimum sentence of five years and a statutory maximum sentence of forty years imprisonment.

At sentencing on April 16, 2003, the Presentence Investigation Report ("PSI") attributed 143.9 grams of crack cocaine to Samuel. Samuel did not object to this finding. The PSI also determined that Samuel was a career offender; his criminal history included prior state convictions for possession of cocaine with intent to distribute, trafficking cocaine, and possession of marijuana. The Court determined Samuel's guideline range to be 262 to 327 months imprisonment. Samuel was sentenced to serve 262 months followed by 5 years of supervised release.

Subsequently, Congress passed the Fair Sentencing Act of 2010. Section 2 of the Fair Sentencing Act increased the quantities of crack cocaine necessary to trigger the statutory mandatory minimums for violations of 21 U.S.C. § 841. Section 3 of the Fair Sentencing Act, which has no application here, eliminated the five-year mandatory minimum sentence for simple possession of crack cocaine. The Fair Sentencing Act, however, did not apply retroactively until Congress passed the First Step Act of 2018. Under Section 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was

committed." See Pub. L. No. 115-391, 132 Stat. 5194. Thus, the First Step Act can serve as a basis for relief under 18 U.S.C. § 3582(c)(1)(B), which allows a court to modify a sentence "to the extent otherwise expressly permitted by statute," if the defendant's statutory sentencing exposure would have been different under Section 2 and 3 of the Fair Sentencing Act.

In this case, Samuel contends that Section 2 of the Fair Sentencing Act is applicable to him, reducing his statutory minimum and maximum sentence of five to forty years to a maximum of twenty years. To explain, at the time Samuel was sentenced, a violation of 21 U.S.C. § 841(a)(1) carried a statutory minimum and maximum sentence of five to forty years for an offense involving more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(B) (1999). Upon implementation of the Fair Sentencing Act of 2010, the amount of crack cocaine required to trigger a five-year mandatory minimum was increased from 5 to 28 grams; and the amount required to trigger a ten-year mandatory minimum was increased from 50 to 280 grams. See 21 U.S.C. § 841(b)(1)(A) & (B) (2019). Thus, under the Fair Sentencing Act, if the offense involves between 28 and 280 grams of crack cocaine, the sentencing range is five to forty years. Distribution of a lower quantity (5 grams or more of crack cocaine) is a violation of 21 U.S.C. § 841(b)(1)(C), which has no statutory minimum and a statutory maximum of twenty years. Here, Samuel argues that because his *offense of conviction* involved 5

grams or more, application of the Fair Sentencing Act of 2010 through the First Step Act changes his statutory penalty to a maximum of 20 years, such that his sentence of 262 months is 22 months over the statutory maximum.

Upon consideration of Samuel's argument, the Court concludes that had the Fair Sentencing Act been in effect at the time he committed his offense, he still would have been subject to the five to forty year statutory term of imprisonment because Samuel was held accountable for 143.9 grams of crack cocaine. This amount of crack cocaine triggers § 841(b)(1)(B) which mandates a statutory range of five to forty years. Thus, Samuel remains eligible for a sentence up to forty years imprisonment.

Samuel argues that the Court cannot use the drug quantity in the PSI; rather, the Court may only look to the offense of conviction. In other words, Samuel would have every defendant eligible for relief if the penalties set forth in the statute under which he was charged are modified, regardless of the actual facts of the offense. He cites Sixth Amendment concerns in support of his argument, referring to Apprendi v. New Jersey, 530 U.S. 466 (2000) and Alleyne v. United States, 570 U.S. 99 (2013), which essentially held that drug quantity is an element of the offense

4

and therefore must be charged in the indictment and determined by a jury.[1]

The Eleventh Circuit has not ruled on the applicability of Apprendi and Alleyne to sentence modifications undertaken under 18 U.S.C. § 3582(c)(1)(B). It has squarely held, however, that a defendant who is entitled to a sentence reduction under § 3582(c)(2) is **not** entitled to be resentenced in accordance with Apprendi. See United States v. Cherry, 326 F. App'x 523, 527 (11th Cir. 2009) ("A § 3582(c)(2) motion to reduce a sentence does not provide the basis for de novo resentencing. A district court should leave intact its previous factual decisions from the sentencing hearing when deciding whether to reduce a defendant's sentence."). Moreover, the Eleventh Circuit has held that district courts lack jurisdiction to consider a constitutional challenge to a sentence in a § 3582(c) proceeding. United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000); United States v. Cole, 417 F. App'x 922, 923 (11th Cir. 2011) ("[C]onstitutional challenges are 'extraneous' sentencing issues, and if [the defendant] wishes to challenge the constitutionality of his sentence, the proper method

---

[1] In Apprendi, the United States Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In Alleyne, the Supreme Court held that the requirements of Apprendi apply to facts that increase a defendant's mandatory minimum sentence. 570 U.S. at 103. Of note, Apprendi and Alleyne have not been made retroactively applicable to cases on collateral review.

is in collateral attack under 28 U.S.C. § 2255." (quoting Bravo, 203 F.3d at 781-82)). Finally, and of utmost importance, the quantity of crack cocaine was admitted by Samuel when he did not challenge the factual finding of the PSI at the sentencing or on appeal. The unobjected-to fact remains that Samuel is accountable for 143.9 grams of crack cocaine. Accordingly, Samuel remains subject to the statutory minimum and maximum sentence of five to forty years, and therefore, he is not entitled to relief under the First Step Act.[2]

---

[2] The Court recognizes that there is a split in the district courts on the issue of whether a court should look to the drug quantity of the charged offense or the defendant's actual conduct in determining eligibility for relief under the First Step Act. The following courts have looked to the quantity of crack involved in the defendant's actual conduct, especially if the defendant admitted or did not dispute the amount: United States v. Blocker, 378 F. Supp. 3d 1125, 1126 (N.D. Fla. 2019); United States v. Glover, 377 F. Supp. 3d 1346 (S.D. Fla. 2019); United States v. Banuelos, 2019 WL 2191788 (D. N. Mex. May 21, 2019); United States v. Haynes, 2019 WL 1430125 (D. Neb. Mar. 29, 2019). Contrarily, the following cases have looked only to the offense of conviction rather than the conduct of the individual offender: United States v. Simons, 375 F. Supp. 3d 379 (E.D.N.Y. 2019); United States v. Stanback, 377 F. Supp. 3d 618 (W.D. Va. 2019); United States v. Allen, --- F. Supp. 3d ---, 2019 WL 1877072 (D. Conn. Apr. 26, 2019); United States v. Askins, 2019 WL 3800227 (D. Ariz. Aug. 6, 2019); and United States v. Davis, 2019 WL 1054554 (W.D.N.Y. Mar. 6, 2019). The Court finds persuasive the observation of the district court in Blocker, which noted that all pre-2010 indictments simply tracked the language of § 841(b)(1)(B), charging distribution of only 5 grams or more of crack cocaine because that was all that was necessary to trigger the statute. The Blocker court reasoned that if the quantity findings in PSIs were disregarded in favor of the language in the pre-2010 indictments, "every crack defendant sentenced before the Fair Sentencing Act took effect would be eligible for a reduction," creating an enormous disparity between earlier-indicted crack

Finally, whether to reduce the sentence of an eligible defendant under Section 404 of the First Step Act is left to the sentencing court's discretion. No reduction is required. Here, even if the First Step Act were applicable, the Court concludes that a sentence of 262 months was sufficient but not greater than necessary to satisfy all of the factors of 18 U.S.C. § 3553(a).

Upon the foregoing, Defendant Samuel's motion for reduction of sentence (doc. no. 60) is hereby **DENIED**.[3]

**ORDER ENTERED** this 23rd day of August, 2019.

_____
HONORABLE WILLIAM T. MOORE, JR.
JUDGE, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

defendants and later-indicted crack defendants. 378 F. Supp. 3d at 1126. In short, this Court will not ignore the facts of Samuel's conduct and base its analysis on the fiction that he was involved with only five grams of crack cocaine.

[3] The Court has read and considered Samuel's Reply Brief. Accordingly, the motion to file a reply brief (doc. no. 63) is **GRANTED**, and the Reply Brief shall stand on the record.