IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. CR402-282 |
| ) | |
| ANTONIO DECORE SAMUEL, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Defendant Antonio Decore Samuel's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 68.) The Government has opposed Defendant's motion. (Doc. 69.) For the following reasons, Defendant's motion (Doc. 68) is **DENIED**.

### BACKGROUND

In February 2003, Defendant pleaded guilty to possession with intent to distribute 5 grams or more of cocaine base (crack) and a quantity of cocaine hydrochloride. (Doc. 33.) The Court sentenced Defendant to 262 months' imprisonment, to be followed by 5 years' supervised release. (Doc. 35.) In February 2012, Defendant requested a sentence reduction pursuant to 18 U.S.C. § 3482(c)(1)(B) based upon amendments to the sentencing guidelines. (Doc. 49.) The Court denied his request on February 14, 2012. (Doc. 51.) In December 2012, Samuel filed another

§ 3582(c)(2) motion based on amendments to the guidelines. (Doc. 53.) The Court, again, denied his request. (Doc. 54.)

On June 18, 2019, Defendant filed a motion for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. (Doc. 60.) The Court denied Defendant's motion (Doc. 65), however, on appeal, the Eleventh Circuit vacated and remanded for further proceedings. See United States v. Samuel, No. 19-13400, 2020 WL 4782373, at *3 (11th Cir. Aug. 18, 2020). The Court has not yet reconsidered Defendant's First Step Act motion.

According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Butner Federal Medical Center ("FMC") located in Butner, North Carolina, with a projected release date of March 4, 2023. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on August 21, 2020).

## ANALYSIS

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic. (Doc. 68 at 1.) 18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

2

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration;" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C).

A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D).

In support of his request, Defendant states that "his continued incarceration at a federal Board of Prisons facility presents immediate danger to his life and health given the inability to avoid exposure to COVID-19 while incarcerated and the serious risks COVID-19 present to him." (Doc. 68 at 2.) It is undisputed that Defendant has exhausted his administrative remedies. However, as noted by the Government, Defendant does not claim to have any particular medical condition that qualifies as an "extraordinary and compelling" reason justifying compassionate release. (Doc. 69 at 13.) Rather, Defendant expresses a general concern about COVID-19 and his belief that the "conditions of confinement create the ideal environment for the transmission of contagious disease." (Doc. 68 at 6.) The Court does not find that COVID-19 is in and of itself an extraordinary and compelling reason to warrant compassionate release. See United States v. Raia, 954 F.3d 594, 597 (11th Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive

4

professional efforts to curtail the virus's spread."); United States v. Johnson, No. CR108-110, 2020 WL 2449343, at *1 (S.D. Ga. May 12, 2020) ("[Defendant's] generalized concern about possible exposure [to COVID-19] is at this point too speculative to qualify as extraordinary and compelling."). Accordingly, without any justifying reason for compassionate release, Defendant's motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release (Doc. 68) is **DENIED**.

SO ORDERED this 25th day of August 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5