IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  CASE NO. 4:02CR00282-1 |
| | ) |
| Antonio Decore Samuel, | ) |
| Defendant | ) |

## O R D E R

On August 23, 2019, this Court denied Defendant's First Step Act motion after finding that the Act did not reduce his statutory penalties and that he was, therefore, not entitled to relief under the Act. On August 18, 2020, the Eleventh Circuit vacated this Court's order and remanded the case for reconsideration given the Circuit's decision in *United States v. Jones*, 962 F.3d 1290 (2020).

In *Jones*, the Eleventh Circuit held that a defendant's eligibility for a First Step Act sentence reduction initially hinges on whether a defendant was sentenced for a "covered offense," as defined by the First Step Act. Further, the Circuit held that, when making the "covered-offense" determination, the drug-quantity finding that triggered the statutory penalty for the offense of conviction is the pertinent drug quantity to consider, rather than the quantity of drugs considered relevant conduct for guideline calculation purposes.

In the instant matter, the Circuit found that, since Defendant pled guilty to an offense involving 5 grams or more of crack cocaine, his offense of conviction is a "covered offense,"

Honorable William T. Moore, Jr.
RE: SAMUEL, Antonio Decore
**Order on Motion**
Page 2

which now carries a statutory penalty of not more than 20 years of imprisonment and no mandatory minimum. 21 U.S.C. § 841(b)(1)(C) (2019).

Defendant was sentenced on April 16, 2003, to a term of 262 months of imprisonment for his possession of approximately 143.9 grams of crack cocaine. The imposed sentence was at the bottom of the then-applicable advisory guideline range of 262 months to 327 months and well within the then-applicable statutory range of not less than 5 years nor more than 40 years of imprisonment.

At the time of sentencing, Defendant had two drug-related felony convictions as an adult and was, therefore, classified as a career offender. In addition, Defendant had three prior juvenile adjudications for felony offenses and one misdemeanor offense involving his possession of a loaded handgun at school. At the time of his commission of his federal offense, Defendant was under state parole supervision and had recently been released from imprisonment. Defendant has been in continuous custody since July 17, 2002, due to a revocation of the state parole term and the term of imprisonment imposed by this Court.

Given the mandate from the Eleventh Circuit, the Court finds that Defendant's revised total offense level is 32, with a criminal history category of VI, resulting in an advisory guideline range of 210 months to 240 months of imprisonment.

The Court has carefully reviewed all aspects of Defendant's case, as well as the 18 U.S.C. § 3553(a) factors. Pursuant to

Honorable William T. Moore, Jr.
RE: SAMUEL, Antonio Decore
**Order on Motion**
Page 3

the First Step Act, the Court hereby reduces Defendant's sentence of 262 months to a term of **240 months**. The Court finds that a sentence of 240 months as to Defendant is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth at 18 U.S.C. § 3553(a). All other provisions of the Court's April 16, 2003, sentencing order remain in place.

    SO ORDERED this __24th__ day of September, 2020.

                                  _____
                                  WILLIAM T. MOORE, JR.
                                  JUDGE, U.S. DISTRICT COURT