IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                                    )<br>)<br>ANTONIO DECORE SAMUEL,                )<br>)<br>          Defendant.                  )<br>_____)  | CASE NO. CR402-282 |

## O R D E R

Before the Court is Defendant Antonio Decore Samuel's Motion for Reconsideration (Doc. 77), which the Government has opposed (Doc. 80). Defendant seeks reconsideration of this Court's order denying his motion for compassionate release or an order placing Defendant on home confinement. (Doc. 71.) After careful consideration, Defendant's motion (Doc. 77) is **DENIED IN PART** and **DISMISSED IN PART**.

In his motion for reconsideration, Defendant primarily asserts the same arguments that he raised in his motion for compassionate release. (Doc. 77.) Namely, Defendant contends that he should be granted compassionate release due to the ongoing COVID-19 pandemic. (Doc. 77 at 1.) "A motion for reconsideration cannot be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.' " Gilliam v. U.S. Dep't of Veterans Affs., 822 F. App'x 985, 992 (11th Cir. 2020) (quoting Richardson v. Johnson, 598 F.3d

734, 740 (11th Cir. 2010)). As the Court stated in its prior order, COVID-19 is not in and of itself an extraordinary and compelling reason that warrants compassionate release. See United States v. Raia, 954 F.3d 594, 597 (11th Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."). Accordingly, the Court finds no reason to disturb its prior order and Defendant's motion (Doc. 77) is **DENIED**.

To the extent Defendant is seeking an order from this Court placing him on home confinement, his request is misplaced. A request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, is different than a request for sentence reduction based upon compassionate release. Under Section 12003(b)(2) of the CARES Act, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the BOP is permitted to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." United States v. Allen, No. 2:14-cr-024, 2020 WL 2199626, at *1 n.1 (S.D. Ga. May 6, 2020). Thus, the BOP is utilizing its

2

authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c)—to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act. Id. at *1. This Court lacks the authority to order the BOP to release a prisoner on home confinement. See United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (explaining that under 34 U.S.C. § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and the district court was without jurisdiction to grant relief); see also Allen, 2020 WL 2199626, at *1 ("These statutes do not authorize a federal court to order the BOP to release a prisoner."); United States v. Greene, No. CR 116-056, 2020 WL 3316987, at *1 (S.D. Ga. June 18, 2020). Thus, to the extent Defendant is seeking an order from this Court placing him on home confinement, Defendant's motion is **DISMISSED**.

SO ORDERED this 17th day of December 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA